IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HOT FOOD XPRESS, LLC**                                                                          **PLAINTIFF**

v.                          CASE NO. 4:07-CV-1219 BSM

**CENTURY SURETY COMPANY**                                                            **DEFENDANT**

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Presently before the court is defendant's motion for summary judgment. On July 18, 2008, the court allowed plaintiff up to August 4, 2008, to file its response to defendant's motion for summary judgment. To date, plaintiff has failed to file a response. Because plaintiff failed to respond to the motion, the facts as set forth by the defendant are deemed admitted. *See* Local Rule 56.1(c).

## I.  UNDISPUTED FACTS

On September 2, 2006, defendant, Century Surety Company ("Century") and plaintiff, Hot Foot Xpress, LLC ("Hot Foot"), entered into an insurance contract ("the policy"). The "Unattended Truck Endorsement" to the policy states, in relevant part:

> No Cause of Loss applies for loss or damage to cargo in and or on trailers or semi trailers which are detached from a "covered vehicle", unless such trailers or semi trailers are:
>
>     a.    garaged in a locked and secured building; or
>
>     b.    parked in a fully enclosed yard which is securely closed and locked; or
>
>     c.    under constant surveillance; or
>
>     d.    on a guarded lot; and

> The trailer or semi trailer is securely locked, all openings are closed, and all keys are removed and the period that the trailer or semi trailer is detached from a "covered vehicle" does not exceed 72 consecutive hours from the time of detachment from the "covered vehicle."

*See* Exhibit A, p. 19, motion for summary judgment.

On July 3, 2007, Ronald Richardson, an employee of Hot Foot, drove a covered tractor trailer to Texas Travel Plaza, a Phillips 66 truck stop in Humble, Texas ("the truck stop"). In his affidavit, Anand Patel, the owner of the truck stop, states that the truck stop sits upon a three and one-half acre lot, with a convenience store in the middle of the lot. *See* Exhibit B, Affidavit of Anand Patel, ¶¶ 1-2, motion for summary judgment. Mr. Patel further states that the cameras monitor the fuel pump islands in front of the store, not the parking lot to the rear of the store, and are not used for security purposes or on a continuous basis. *Id*. at ¶¶ 2-4.

The parking lot has signs posted stating that the parking lot is unattended and that those who park there do so at their own risk. *Id*. at ¶ 5. Additionally, the truck drivers who wish to leave their trailers sign a register book, which states that Mr. Patel's company is not responsible for the parking lot and that anyone who parks there does so at his or her own risk. *Id*. at ¶ 6. The parking lot is not fenced, enclosed, locked, guarded, monitored, or under surveillance. *Id*. at ¶¶ 7, 10. Mr. Patel does not provide guards for the parking lot, and his employees are not allowed to go into the parking lot after dark. *Id*.

According to the complaint, Mr. Richardson parked the truck and trailer in a lot at the truck stop, unhooked the trailer from his truck, and left the trailer in the truck stop parking lot while he returned home to attend to personal matters. When Mr. Richardson returned to the truck stop a few hours later, the trailer had been stolen. The trailer contained cargo belonging to

Landstar Ligon, Inc. ("Landstar"). Because the cargo was not recovered, Landstar submitted a demand to Hot Foot for $162,999.10 for lost cargo. Hot Foot made a claim to Century, but Century denied the claim based upon the "Unattended Truck Endorsement" in the policy.

On December 6, 2007, plaintiff filed its complaint in the Circuit Court of Pulaski County, Arkansas, alleging breach of the insurance policy. Defendant removed the case to this court on December 27, 2007.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party

which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III.  DISCUSSION

"The construction and legal effect of written contracts are matters to be determined by the court, not by the jury, except when the meaning of the language depends upon disputed extrinsic evidence." *Ohio Cas. Ins. Co. v. Union Pac. R.R. Co.*, 469 F.3d 1158, 1162 (8th Cir. 2006) (quoting *Southall v. Farm Bureau Mut. Ins. Co. of Ark.*, 276 Ark. 58, 632 S.W.2d 420, 421 (1982)).  "Whether language is ambiguous is a question of law." *Id*. (citing *Castaneda v. Progressive Classic Ins. Co.*, 357 Ark. 345, 166 S.W.3d 556, 561 (2004)).  "Language is ambiguous if 'there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation.'" *Id*.  "Language is unambiguous if reasonably susceptible to only one interpretation." *Id*. (citing *Curley v. Old Reliable Cas. Co.*, 85 Ark. App. 395, 155 S.W.3d 711, 713 (2004)).

Under Arkansas law, it is well settled that the court "must give effect to the plain meaning of unambiguous language in an insurance policy without resort to rules of construction." *Id*. at 1162-63 (citing *Castaneda*, 166 S.W.3d at 560; *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165, 169 (2001)).  However, if language is ambiguous, the court will construe the language "liberally in favor of the insured and strictly against the insurer." *Id*. at 1163 (quoting *Elam,* 57 S.W.3d at 169).  "If language is susceptible of one interpretation favorable to the insured and another favorable to the insurer, [the court] must adopt the interpretation favorable to the insured." *Id*. (citing *Smith v. Prudential Prop. & Cas. Ins. Co.,* 340 Ark. 335, 10

S.W.3d 846, 850 (2000)).  "Like all contracts, insurance contracts receive 'a practical, reasonable, and fair interpretation, consonant with the apparent object and intent of the parties in light of their general object and purpose.'" *Id*. (quoting *First Fin. Ins. Co. v. Nat'l Indem. Co.,* 49 Ark. App. 115, 898 S.W.2d 63, 64 (1995)).  The court must construe language in light of "its plain, ordinary, and popular sense."  *Id*. (quoting *Curley,* 155 S.W.3d at 713).

Defendant asserts that the policy clearly provides that there is no coverage for cargo stolen from an unattended trailer, unless one of the four following preconditions is met: (1) the trailer is parked in a locked and secured building; (2) the trailer is parked in a fully enclosed yard which is securely closed and locked; (3) the trailer is under constant surveillance; or (4) the trailer is parked in a guarded lot.  Defendant correctly states that plaintiff does not contend that Mr. Richardson parked the trailer in a secured building, or in a fully enclosed, locked and secured yard.  Rather, in its complaint, plaintiff asserts that the exclusions set forth in the "Unattended Truck Endorsement" in the policy do not apply because the "covered vehicle" was under constant surveillance due to the cameras supplied by the truck stop, and the lot was guarded by the attendants at the truck stop.

Defendant contends that the trailer was not under "constant surveillance" because the cameras only monitor the gas pumps, not the parking lot where the trailer was parked.  Defendant also contends that the trailer was not on a "guarded lot," as the owner of the truck stop states that his employees do not guard the parking lot, and he did not hire security guards to guard the parking lot. The court agrees.  Clearly, none of the exclusions to the "Unattended Truck Endorsement" apply under these circumstances.  Therefore, summary judgment is appropriate.

Accordingly, defendant's motion for summary judgment (Doc. No. 8) is granted. Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED THIS 29th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE